**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| AMERICAN ASSOCIATION OF COSMETOLOGY SCHOOLS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 17-0263 (RC) |
| | : | | |
| v. | : | Re Document No.: | 14 |
| | : | | |
| ELIZABETH DEVOS, *in her official capacity as Secretary of Education*, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

**GRANTING DEFENDANT'S EMERGENCY MOTION FOR EXTENSION OF TIME**

This afternoon, Defendant filed an emergency motion for extension of time on the grounds that the March 10, 2017 deadline for "gainful employment" institutions to file their alternate earnings appeals has been extended by the Department of Education ("DOE") to July 1, 2017, and that they have not been able to effectively oppose the motion given the timeframe of the case. *See* Emer. Mot. Exten. Time Respond Pl.'s Mot. P.I. ("Def.'s Mot.") at 3, ECF No. 14. Plaintiff opposes Defendant's motion on the grounds that several institutions are suffering ongoing irreparable harm. *See* Pl.'s Opp'n to Def.'s Emer. Exten. Mot. ("Pl.'s Opp'n) at 1–2, ECF No. 15. Plaintiff also notes that the debt-to-earnings rates will still be posted to the DOE's public website, and that the schools who did not file notices of appeals by January 23 still had to post warnings by February 8, and are thus suffering ongoing irreparable harm. Pl.'s Opp'n at 2. For the reasons set forth below, the Court grants Defendant's emergency motion for extension of time and vacates the hearing currently scheduled for March 9, 2017.

In its original motion, the primary basis for Plaintiff's irreparable harm argument was that many schools would need to "post the warning mandated by the Rule" if they could not adequately appeal the DOE's rules on March 10.  *See* Pl.'s Mot. P.I. at 21–22 ECF No. 8.  Indeed, their affiants stated that schools would close "almost immediately" or "within weeks" of the warnings being posted.  *See* Pl.'s Mot. P.I. at 21–22.  In its original motion for a preliminary injunction, Plaintiff asserted that "the number of schools impacted and the extent of the harm will increase dramatically if relief is not granted by March 10, 2017," and that it was therefore "imperative that these Cosmetology Schools receive relief by March 10."  Pl.'s Mot. P.I. at 2, 22.  Plaintiff did not allege that it would suffer irreparable harm as a result of the DOE publishing the debt-to-earnings rate to its website.  *See* Pl.'s Mot. P.I.

Courts should freely grant motions for extensions of time for good cause.  *See* Fed. R. Civ. P. 6(b); *U.S. Telesis, Inc. v. Ende*, 297 F.R.D. 159, 161 (D.D.C. 2013).  In making its determination, the court may consider "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  In the context of a preliminary injunction, mere economic harm that does not threaten the existence of an entity does not suffice to show a likelihood of imminent irreparable harm.  *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).  Indeed, "[w]here the injuries alleged are purely financial or economic, the barrier to proving irreparable injury is higher" than the usual case.  *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015).  Moreover, where a party seeks to alter the status quo, rather than preserve it, the standard the moving party must meet is "substantially higher."  *Fountain v. Kelly*, 630 A.2d 684,

688 (D.C. 1993). A party's delay in moving for a preliminary injunction may prove fatal to its claim of irreparable harm. *See Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005) ("An unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm.").

Defendant has shown good cause for the Court to grant its emergency motion for an extension of time. As Plaintiff shows through its original motion, DOE's movement of the appeals deadline from March 10 to July 1 delays most, if not all, of the claimed irreparable harm for several months. Indeed, Plaintiff's affiants contend that the irreparable harm to institutions will occur "almost immediately" or "within weeks" of disseminating the DOE warnings. *See* Pl.'s Mot. P.I. at 21–22. To the extent Plaintiff asserts "ongoing irreparable harm"—which is completely economic in nature—on behalf of institutions that already had to post the warnings (not one that has been specified by name), its affiants do not explain why those institutions who posted warnings on February 8, 2017, have not already been forced to close, or at what point they will be forced to do so. Nor does Plaintiff explain why those institutions failed to appeal and did not seek injunctive relief prior to their posting of the warnings, which, under *Newdow*, undercuts its claim that they are subject to ongoing irreparable harm. Moreover, although they posted the warnings on February 8, 2017, this case was not filed until February 10 and the motion for a preliminary injunction was not filed until February 23. Accordingly, these institutions seek to change the status quo rather than preserve it. Thus, assertions of "ongoing" economic irreparable harm, subject to heightened scrutiny under *Mexichem Specialty Resins* and *Fountain*, are neither sufficiently persuasive nor adequately supported by evidence in the record to justify denial of the motion.

As for the DOE's website, removal of the debt-to-earnings rates from the DOE's website was not a part of the relief sought from Plaintiff's original motion for a preliminary injunction. *See* Pl.'s Mot. P.I. Plaintiff does not make any non-conclusory showing that these postings alone will lead to irreparable harm.

As a result, because Defendant has shown good cause, the Court will grant Defendant's motion to extend time. However, the Court is sensitive to the issues raised in Plaintiff's opposition and motion for a preliminary injunction and intends to expedite consideration of the matter. Accordingly, it is hereby

**ORDERED** that Defendant's March 7, 2017 briefing deadline is hereby **VACATED**; and it is

**FURTHER ORDERED** that the March 9, 2017 hearing is hereby **VACATED**. It is

**FURTHER ORDERED** that the parties shall, by March 10, 2017, meet, confer, and attempt to agree on an expedited schedule that consolidates Plaintiff's motion for a preliminary injunction and the merits of the dispute. *See* Fed. R. Civ. P. 65(a)(2). If the parties cannot agree upon a proposed schedule, they shall, by March 10, 2017, meet, confer, and file a joint status report informing the Court of the parties' availability for a telephonic conference during the week of March 13, 2017.

**SO ORDERED**.

Dated:  March 7, 2017                                                                                          RUDOLPH CONTRERAS
                                                                                                                              United States District Judge