IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF COSMETOLOGY SCHOOLS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH DEVOS, in her official capacity as Secretary of Education,<br><br>　　　　　　　Defendant. | Civil Action No. 1:17-263 (RC) |

## RESPONSE TO PLAINTIFF'S NOTICE OF JUNE 16, 2017

Pursuant to the Court's Minute Order of June 16, 2017, Defendant Elizabeth DeVos, in her official capacity as Secretary of Education ("Defendant" or "Secretary"), hereby responds to Plaintiff's Notice regarding the Department of Education's announcement of an intent to convene a negotiated rulemaking committee to develop proposed regulations to revise the gainful employment regulations that the Department published on October 31, 2014. *See* 82 Fed. Reg. 27640 (June 16, 2017) (citing 79 Fed. Reg. 64889).

Plaintiff argues that the Department's announcement "reinforces the need for and appropriateness of preliminary injunctive relief by the Court." Pl. Notice at 1. However, the prospect of future rulemaking has no bearing on the validity of the current gainful employment regulations, which remain in effect unless and until they might be revised. Indeed, to allow the Department's announcement to affect judicial consideration of the current rule would in effect circumvent the rulemaking process—a result that the D.C. Circuit has held is inappropriate. *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 557 (D.C. Cir. 2015) (refusing to stay an

agency rule pending the agency's reconsideration because doing so would "not account for the interests of other stakeholders who supported the rule" and would "deny[] interested parties the opportunity to oppose or otherwise comment on significant changes in regulatory policy").[1]

Plaintiff's Motion for Preliminary Injunction should be denied, and the Department's Motion for Summary Judgment should be granted, for the same reasons previously explained. Plaintiff's contention that "students and other interested parties" will be "whipsawed by changing requirements" absent a preliminary injunction is without foundation. For one thing, Plaintiff appears to assume that the particular aspects of the gainful employment regulations that it challenges in this action will be revised, but it has offered no evidence to support such an assumption. The Department's announcement indicated that a negotiated rulemaking process would occur but did not identify any specific provisions that would be revised. Nor would any such revision be imminent. To the contrary, any negotiated rulemaking process will take some time to complete. Under the applicable calendar, it is unlikely that any final rule decided through this process would go into effect before July 1, 2019.[2]

In addition, contrary to Plaintiff's suggestion, the current gainful employment regulations impose no requirements on students. Instead, they provide a mechanism for current and

---

[1] Plaintiff appears to suggest that the Department should have suspended the gainful employment regulations because it postponed some effective dates applicable to a different rule, known as the Borrower Defense to Repayment ("BDR") Rule. *See* Pl. Notice at 2 n.1 (citing 82 Fed. Reg. 27621). However, the situations are not analogous. The BDR Rule has not yet gone into effect. The Department thus postponed the effective dates of certain aspects of the BDR Rule pursuant to 5 U.S.C. § 705, which allows an agency to "postpone the effective date of action taken by it, pending judicial review." In contrast, the gainful employment regulations are already in effect. *See* 79 Fed. Reg. 64889, 64890 (Oct. 31, 2014) (identifying the effective date of the gainful employment regulations as July 1, 2015). Its effective date therefore cannot be "postpone[d]" under § 705.

[2] *See* 20 USC 1098a (describing negotiated rulemaking process); 82 Fed. Reg. 27640 (citing further sources of information about negotiated rulemaking).

prospective students to receive debt-to-earnings information about programs in which they are enrolled or might enroll in the future. Indeed, the Department's calculations of debt-to-earnings ratios using Social Security Administration data already have been made publicly available on the Department's website. Allowing the alternative earnings appeal process to go forward will enable schools that received "failing" or "in the zone" debt-to-earnings ratios under those calculations to provide the Department with alternate earnings information, which may lead the Department to revise their final debt-to-earnings scores for the current year. The information that schools provide in these appeals may also inform the upcoming negotiated rulemaking process.

The preliminary injunction factors continue to weigh in the Department's favor for the same reasons that the Department explained in opposition to Plaintiff's Motion. *See* Def. Mem. in Opp. to Pl. Mot. for Preliminary Injunction (and Summ. J.) and in Support of Def. Cross-Mot. for Summ. J., ECF No. 19. In particular, the Department's announcement does not make Plaintiff's claims likely to succeed on the merits, nor does it bolster Plaintiff's assertions of irreparable harm. Moreover, allowing the Department to implement the current gainful employment regulations as it deems appropriate continues to serve the public interest, and the balance of hardships also weighs in favor of allowing the Department to do so. The Court therefore should grant summary judgment in favor of the Department and deny Plaintiff's request for preliminary injunctive relief.

Dated:  June 20, 2017                    Respectfully Submitted,

                                                CHAD A. READLER
                                                Acting Assistant Attorney General
                                                CHANNING D. PHILLIPS
                                                United States Attorney
                                                SHEILA M. LIEBER
                                                Deputy Director, Federal Programs Branch

        /s/ Kathryn L. Wyer
KATHRYN L. WYER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW Room 7124
Washington, D.C. 20530
Tel.: (202) 616-8475
Fax: (202) 616-8470
Email: kathryn.wyer@usdoj.gov
*Attorneys for Defendant*